**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5045**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BERNARD WEITERS, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-00987-PMD-1)

Submitted: January 13, 2012      Decided: January 24, 2012

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Weiters, Jr. appeals his convictions by jury and his subsequent life sentence for possessing a firearm as a convicted felon, possessing with intent to distribute cocaine and fifty grams or more of cocaine base, and using and possessing a firearm in furtherance of a drug trafficking crime. We affirm his convictions but vacate his sentence and remand for resentencing.

Weiters first contends that his rights under the Sixth Amendment's Confrontation Clause were violated when his counsel stipulated at trial to drug weights and the chain of custody pertaining to evidence seized from Weiters' residence. Although Weiters points to United States v. Williams, 632 F.3d 129, 132 (4th Cir. 2011), to support his assertion that his counsel could not waive his confrontation rights, we disagree with Weiters' assumption that Williams is on all fours with the facts of his case. Because Weiters' reliance on Williams is misplaced, we reject his arguments here.

Weiters next objects to the admission of certain expert testimony admitted at trial, claiming that the expert improperly failed to apply his methodology to the facts of the case before him. This court reviews a district court's evidentiary decisions for abuse of discretion. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). Our review of the

2

record convinces us that no such abuse of discretion occurred with respect to the challenged testimony, and we accordingly affirm Weiters' convictions.

Finally, both Weiters and the Government request that this case be remanded to the district court to allow Weiters to be resentenced in accordance with the Fair Sentencing Act of 2010, Pub. L. No. 111-220 (the "FSA"). Based on our consideration of the materials submitted in this appeal, we vacate Weiters' life sentence and remand the case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to defendants like Weiters, whose offense was committed prior to August 3, 2010, the effective date of the Act, but who was sentenced after that date. We leave that determination in the first instance to the district court.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] We note that at Weiters' sentencing hearing, counsel for the defendant unsuccessfully argued for retroactive application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.

before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED